Gerard A. Rose, Esq. [CSB #058156]
The Law Office of Gerard A. Rose
PO Box 6516
Carmel, CA 93921
Telephone: 831-333-0200
gerard@gerardroselaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Larry J. Lichtenegger,<br><br>　　　　　　Plaintiff,<br>v.<br><br>James Crivello, John Crivello, the County of Monterey, and Does 1 to 5,<br><br>　　　　　　Defendants. | Case No.<br><br>**COMPLAINT UNDER THE CIVIL RIGHTS ACT; 42 U.S.C. §1983** |

Plaintiff alleges:

**A.    Jurisdiction and Venue**

1.    Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 and the Fourth Amendment to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This court has jurisdiction over Plaintiff's claim under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343(3) (civil rights). This court further has jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction) as those claims form part of the same case or controversy under Article III of the United States Constitution.

2.    Venue lies in the U.S. Northern District of California, the district in which the claim arose, pursuant to 28 U.S.C. § 1391(b).

3.    This is an action for Constitutional violations and state law personal injuries suffered by Plaintiff as a result of the personal injury of Plaintiff. Plaintiff brings this action for

compensatory damages under 42 U.S.C. § 1983 because Defendants jointly and severally deprived Plaintiff of his federally-protected right to be free from unreasonable force. U.S. CONST. amends. IV, XIV.

4. As a direct result of the policies, practices, customs and procedures of the County of Monterey, Plaintiff was intentionally deprived of his constitutional right to be free from unreasonable force guaranteed to him by the United States Constitution. Defendants James Crivello and John Crivello, sheriff's deputies acting in the course and scope of their employment with the County of Monterey, and acting under color of state law, unjustifiably attacked, beat up and brutalized Plaintiff under circumstances where no reasonable police officer would have done so. Under long established law on excessive deadly force, Deputies John and James Crivello are not entitled to qualified or other immunity for these actions.

**B. Parties**

5. Plaintiff:  This complaint alleges that the civil rights of Plaintiff, Larry J. Lichtenegger, who resides in Carmel, California, were violated by the actions of the below named individuals. The actions were directed against Plaintiff at his home on December 16, 2012.

6. Defendants:

7. Defendant James Crivello resides in Monterey County, California, is employed as a deputy sheriff by the Monterey County Sheriff and is the brother of defendant John Crivello. This defendant is sued in his individual as well as his official capacity. This defendant was acting under color of law in his actions described herein. The acts and omissions complained of herein arise from the conduct of said Defendant while he was acting under color of state law, and each act and omission was committed pursuant to said Defendant's employment and authority as a deputy sheriff with the County of Monterey.

8. Defendant John Crivello resides in Monterey County, California, is employed as a deputy sheriff by the Monterey County Sheriff and is the brother of defendant James Crivello. This defendant is sued in his individual as well as his official capacity. This defendant was acting under color of law in his actions described herein. The acts and omissions complained of herein arise from the conduct of said Defendant while he was acting under color of state law, and each

act and omission was committed pursuant to said Defendant's employment and authority as a deputy sheriff with the County of Monterey. John Crivello and James Crivello are herein referred to jointly as "the brothers" and/or "the deputies".

9. Defendant County of Monterey employs James and John Crivello and is responsible for their actions under the doctrine of *respondeat superior*. Defendant County of Monterey (the "County") is a governmental corporation operating pursuant to the Constitution and the laws of the State of California within the U.S. Northern District of California.

10. The true names or capacities, whether individual, corporate, associate or otherwise, of defendants named herein as Does 1 through 5 are unknown to plaintiff, who therefore sues said defendants by such fictitious names and capacities and will name them when the same have been ascertained. Plaintiff is informed and believes, and thereon allege, that such defendants sued herein as Does 1 through 5 are in some manner responsible for the acts herein alleged.

11. At all times herein mentioned, each of the defendants and defendants Does 1 through 5 were the agents, servants, and employees of the other named defendants, and were acting within the scope of their agency and employment, and with the knowledge and consent of their principal and employer.

**C.   Facts.**

12. Larry J. Lichtenegger (Lichtenegger) was a 70-year old when he was brutally assaulted by Deputies John Crivello and James Crivello, uniformed County of Monterey Sheriff Deputies.

13. Of significant importance is that plaintiff and Deputies John and James Crivello had had previous contact in the past. In September, 2011, a burglary occurred at plaintiff's residence at 3850 Rio Road, #58, Carmel, California, a condominium complex near the mouth of Carmel Valley, California. Upon plaintiff's call to 911 for assistance, the Monterey County Sheriff's office dispatched John and James Crivello to investigate. However, plaintiff, who had previously been employed as a deputy district attorney by the County, concluded that John and James Crivello were sloppy in their investigative techniques, failed to timely and properly follow

1  up on leads given them by plaintiff and generally considered them incompetent. Plaintiff reported
2  his opinion, findings and conclusions to the supervisor of John and James Crivello, alleged they
3  were incompetent, and requested different investigators to assigned to the case. Shortly thereafter,
4  a senior investigator was assigned to the case and the Crivello brothers were taken off the case.

5       14.     The attack which is the subject of this action occurred on or about December 16,
6  2012, at around 9:45 p.m. at Plaintiff's home at 3850 Rio Road, #58, Carmel, California, a
7  condominium complex near the mouth of Carmel Valley, California.

8       15.     On the evening of the incident, Deputies Crivello were on duty and were parked
9  side by side in separate official vehicles within the condominium complex on a roadway marked
10 as "private" and for the use of the owners and their invited guests only. Deputies Crivello were
11 wearing their official County of Monterey Sheriff's uniforms, and at all times material hereto was
12 acting within the course and scope of their employment with the County and were acting under
13 color of state law.

14      16.     As the deputies were parked within the condominium complex that evening, they
15 confronted one Morgan Furgeson, the daughter of plaintiff's girlfriend, who was residing in
16 plaintiff's home. Plaintiff exited his home to investigate the reason for their appearance within the
17 condominium complex and their apparent detention of Furgeson.

18      17.     When plaintiff approached the two deputies' vehicles, Furgeson departed, but
19 plaintiff was still inquisitive as to why the sheriff's deputies were parked within the complex.
20 Upon arriving at the parked vehicles, plaintiff inquired as to why they would be parked there. At
21 the time, plaintiff was unaware of the identity of the occupants as the interior of the vehicles were
22 dark. One of the deputies, apparently recognizing plaintiff, remarked that they were there to
23 investigate a series of burglaries. Plaintiff responded that he was unaware of any recent burglaries
24 and one of the deputies responded that plaintiff's case had not been pursued by the district
25 attorney.

26      18.     Then recognizing the two brothers, plaintiff responded that that was because of
27 their incompetence. One deputy then exited his vehicle and alleged, although there was no
28 reasonable suspicion or probable cause that plaintiff had committed a crime, that plaintiff was

drunk and that if he did not get back into his home he would arrest him for being drunk in public. Plaintiff responded that not only was he not drunk, but this was his home and not a public place. Both deputies, now out of their vehicles, again threatened plaintiff with arrest, upon which plaintiff, recognizing the threat, turned around and proceeded to his home.

19. The deputies then followed plaintiff, continuing to threaten him with arrest, all the way to plaintiff's front door. When plaintiff was within the outer gate to his home, the deputies without provocation or justification, jumped and physically attacked plaintiff, severely beating him and throwing him to the ground. The deputies then cuffed plaintiff and threw him into an official vehicle.

20. Because of the injuries inflicted upon plaintiff, he was first transported to the Community Hospital of the Monterey Peninsula for treatment of his injuries. Upon completion of treatment, plaintiff was taken to the Monterey County Jail and place in the holding tank where he remained overnight until approximately noon the next day.

21. During the incident, plaintiff had not engaged in any illegal conduct and was not intoxicated. At no time did plaintiff make any sudden movements or gestures that could be interpreted by the deputies as aggressive or threatening. Nor did plaintiff say or do anything that would cause the deputies to fear imminent bodily harm. Nor was there any reason for the deputies to believe that plaintiff was, in the words of 647(f) of the California Penal Code relating to intoxication in public, in violation of that section. That section makes it a misdemeanor and reads:

> (f) Who is found in any public place under the influence of intoxicating liquor, any drug, controlled substance, toluene, or any combination of any intoxicating liquor, drug, controlled substance, or toluene, *in a condition that he or she is unable to exercise care for his or her own safety or the safety of others*, or by reason of his or her being under the influence of intoxicating liquor, any drug, controlled substance, toluene, or any combination of any intoxicating liquor, drug, or toluene, interferes with or obstructs or prevents the free use of any street, sidewalk, or other public way." [emphasis added]

22. Nor did the deputies comply with Penal Code section 647(g), assuming they had any right in the first instance to make an arrest for such a violation:

> "(g) When a person has violated subdivision (f), a peace officer, if he or she is reasonably able to do so, shall place the person, or cause him or her to be placed, in civil protective custody. The person shall be taken to a facility, designated pursuant to Section 5170 of the Welfare and Institutions Code, for the 72-hour treatment and evaluation of inebriates. A peace officer may place a person in civil protective custody with that kind and degree of

force which would be lawful were he or she effecting an arrest for a misdemeanor without a warrant. No person who has been placed in civil protective custody shall thereafter be subject to any criminal prosecution or juvenile court proceeding based on the facts giving rise to this placement."

**D. Plaintiff's Civil Rights Claim.**

23. The Civil Rights Act, codified as 42 U.S.C. § 1983, provides as follows:

"Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.

24. Plaintiff alleges that Defendants, jointly and/or severally, deprived Plaintiff of his Fourth Amendment rights, and those rights, privileges, and immunities secured by the Fifth and Eighth Amendments to the Constitution as incorporated and applied to the states through the Fourteenth Amendment. Defendants violated Decedent's rights by:

(A) using excessive and deadly force in the course of the deputies attempt to seize plaintiff, in violation of the Fourth Amendment and its reasonableness standard. Plaintiff pleads that he was unlawfully beaten and injured. This action resulted directly and only from a use of force that was clearly excessive to the need, and was objectively and subjectively unreasonable;

(B) failing to provide supervision and/or proper training to prevent such incidents of excessive force.

25. Defendants' violations of plaintiff's constitutional rights resulted in plaintiff's injuries and were a direct cause of Plaintiff's injuries.

**E.   Plaintiff's Claim for Peace Officer Liability: 42 U.S.C. § 1983**

26. Plaintiff brings a claim against the deputies, individually as well as in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

27. At all material times, the deputies were acting under color of state law as agents and employees of Defendant, the County. The deputies were wearing his official Monterey County Sheriff's Office uniforms, and were acting in the course and scope of their duties as Monterey County Sheriff's Deputies at the time they beat up and injured plaintiff.

28. Force is excessive, and therefore violates the Fourth Amendment, if it is not reasonable in light of the circumstances facing the officer. See Graham v. Connor, 490 U.S. 386, 398 (1989). The facts and circumstances of this case show that the deputies act of assaulting and injuring plaintiff was clearly unreasonable.

29. At the time of the incident, the deputies had no reason to believe that plaintiff was a danger to himself or others, made no violent movements towards the deputies or any other person that could be interpreted as threatening. Second, plaintiff made no verbal threats to the deputies or any other person. Third, plaintiff did not touch the deputies other than to repel their unlawful attack. Fourth, it was clear to the deputies that plaintiff was doing as he was instructed by removing himself from the roadway and entering his home.

30. The deputies did not have a reasonable fear of imminent bodily harm nor have a reasonable belief that neither plaintiff nor any other person was in danger as a consequence of plaintiff's actions. Consequently, the arrest and beating of plaintiff was unwarranted under these circumstances, and was objectively unreasonable when comparing or balancing the amount of force used against the need for the force.

31. Therefore, by using subjectively and objectively unreasonable deadly force while acting under color of state law, the deputies violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and caused his injuries.

**F.     Plaintiff's Claim for Municipal Liability: 42 U.S.C. § 1983**

32. Plaintiff pleads that his constitutional rights were violated when he was beaten and injured by the deputies. Plaintiff's injuries directly resulted from the deputies excessive use of force.

33. The County is also liable under 42 U.S.C. § 1983 for failing to supervise and train its deputy sheriffs, and for overlooking and covering up officer misconduct.

34. Additionally, municipalities may be held liable under 42 U.S.C. § 1983 for constitutional torts that are committed pursuant to a policy, procedure, practice, or custom of the municipality. Even if the City's practice of overlooking constitutional torts was not authorized by an officially adopted policy, the practice may be so common and well-settled that it fairly

1 represents official policy. See *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397,
2 404 (1997). 62. Consequently, the City is liable for harm caused to others, such as Plaintiff, as a
3 result of its policies, practices customs and procedures.
4     35.    Plaintiff timely filed a claim against the County of Monterey, which claim was
5 denied on July 11, 2013. The Notice provided that plaintiff had six months to file this action. This
6 action is timely filed.

    **G.**    **Plaintiff's Claim for Assault and Battery.**

8     36.    Under California law, the parallel cause of action for excessive force is a cause of
9 action for assault and battery. Consequently, Plaintiff alleges an alternative pendent State law
10 claim for assault and battery, incorporating the allegations contained in Paragraphs 1 through 34
11 by reference.
12     37.    The deputies committed an assault upon plaintiff when they intentionally,
13 knowingly, and/or recklessly beat up and injured plaintiff. The deputies assault conduct was
14 committed intentionally, knowingly, and/or recklessly, and was the proximate cause of physical
15 and emotional injuries to plaintiff. Said injuries were the direct and immediate consequence of the
16 deputies' wrongful acts and a natural and direct result of the assault.
17     38.    At no time were said deputies privileged to take the action, as the force they
18 exerted was not necessary under the circumstances.

    **H.**    **Attorney Fees**

20     39.    Plaintiff is entitled to recover attorney's fees and costs as required by the Civil
21 Rights Attorney's Fees Award Act of 1976. 49 U.S.C. § 1988. Plaintiff thereby requests that the
22 Court and jury award their attorney's fees and expenses.

    **I.**    **Jury Demand.**

24     40.    Plaintiff respectfully demands a jury trial pursuant to FED. R. CIV. P. 8(b).

**PRAYER**

26 WHEREFORE, Plaintiff respectfully requests that Plaintiff have judgment against
27 Defendants, jointly and severally, for compensatory and actual damages above the jurisdictional
28 minimum of the Court but no less than $500,000.00; exemplary damages against the deputy

defendants; pre-judgment interest; post-judgment interest, costs of court, attorney's fees and expenses and all other relief to which Plaintiffs are justly entitled, at law or in equity.

Dated:  January 8, 2014                    Rose Law Office

*Gerard A. Rose*
_____
Gerard A. Rose
Attorney for Plaintiff